# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| TAVERN ON THE GREEN LIMITED PARTNERSHIP, et al. | Case No. 09-15450 (ALG)<br>Case No. 09-15448 (ALG) |
| Debtors. | (Jointly Administered) |
| TAVERN ON THE GREEN LIMITED PARTNERSHIP and LEROY ADVENTURES, INC. | |
| Plaintiffs, | Adv. Pro. No. 09-_____ |
| v. | |
| NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, | |
| Defendant. | |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. Tavern on the Green Limited Partnership ("Tavern") and LeRoy Adventures, Inc. ("LeRoy"), as Debtors and Debtors-in-Possession (collectively, the "Plaintiffs" or "Debtors"), by their respective undersigned counsel, allege for their complaint against New York City Department of Parks and Recreation (the "City"), as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334, 157(a) and (b).

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. Venue is proper in this district pursuant to 28 U.S.C. §1408 and 1409.

## THE PARTIES

5. Tavern is a New York Limited Partnership, and its General Partner, LeRoy, is a New York Corporation. Tavern and LeRoy are the Debtors and Debtors-in-Possession herein.

6. Defendant is a department of the City of New York, a municipal corporation, with its primary office located at The Arsenal, Central Park, New York, New York 10021.

## FACTUAL BACKGROUND

7. On May 16, 1985, the City entered into a license agreement with the Debtors for the operation of the restaurant known as Tavern on the Green in Central Park in New York City, (the "Central Park Location") which license is scheduled to expire on December 31, 2009.

8. On or about February 2, 2009, the City issued a request for proposals for the operation and maintenance of a high quality restaurant and banquet facility at the Central Park Location for a 20 year license term to begin no earlier than January 2010.

9. On or about May 18, 2009, the Debtors submitted a proposal to the City for the continued operation of its restaurant at the Central Park Location.

10. On August 28, 2009, the Debtors were notified by the City that the license to operate at the Central Park Location was being awarded to Dean S. Poll ("Poll") and not the Debtors.

11. A new operating license for the Central Park Location has not yet been entered into between Poll and the City.

12. No license for the operation of a restaurant at the Central Park Location beyond December 31, 2009, exists at this time.

13. Statements have been made to the public by Poll and the City that a new operator will begin operations on January 1, 2010 at the Central Park Location.

14. Historically, November and December are Tavern's most profitable months.

15. In order to secure bookings for holiday parties and other events during the holiday season, the public must have assurance that Tavern will continue operations through the end of the year, and unless Tavern can provide such assurances to the public Tavern's business will suffer.

16. The Debtors require a period of no less than ninety (90) days to vacate the premises after December 31, 2009, so that the Debtors may conduct an on-site auction of the furniture, fine art work and chandeliers owned by the Debtors and safely dissemble, box and move such items.

17. The Debtors initially made a formal request to the City, that the City provide the Debtors with a sixty (60) day period beyond December 31, 2009 to enable the Debtors to conduct an on-site auction, and thereafter orderly vacate the Central Park Location. However, a potential auctioneer has since advised the Debtors that no less than a 90 day time period would be necessary to conduct an on-site auction and subsequently vacate the premises in an orderly manner.

18. The Debtors propose to provide reasonable compensation to the City for the use of the Central Park Location for whatever time period is allowed beyond December 31, 2009.

19. The City refused the Debtors' request to allow them to remain at the Central Park Location for the initially estimated 60 day time period.

20. If the Debtors are not afforded an opportunity after December 31, 2009 to liquidate and/or move the furniture, fine art work and chandeliers, the Debtors will be forced to shut down prior to December 31, 2009, which will result in a substantial loss of income and devaluation of assets.

{NY079594;1}

21. In compliance with New York State Labor Law and Federal Labor Law (the "WARN Acts") on September 30, 2009, the Debtor provided notice as required under the WARN Acts to its employees, to inform their employees of their loss of employment as of December 31, 2009.

22. If Tavern is not permitted to operate through December 31, 2009, then its ability to comply with all requirements of the WARN Acts will be severely compromised and the Debtors could incur substantial penalties as a result of same.

## Count I
## (Injunctive Relief – 11 U.S.C. §105)

23. Plaintiffs incorporate by reference Paragraphs 1 through 22 of this Complaint as if they were fully set forth at length.

24. Pursuant to §541 of the Bankruptcy Code, the license is property of the Debtors' bankruptcy estate. Further, Sections 362 and 541 of the Bankruptcy Code afford the Debtors the right to operate unimpeded through December 31, 2009, and thereafter engage in an orderly liquidation of the assets located at the Central Park Location and vacate the Central Park Location in a manner that maximizes the value of the Estates.

25. The Debtors' ability to operate uninterrupted through and including December 31, 2009 is key to its ability to honor its obligations to its employees, its customers, and generate sufficient funds to pay its creditors.

26. The Debtors' estates and the prospects for their reorganization will be threatened, burdened, delayed or otherwise adversely affected if the Plaintiffs are not allowed until at least ninety (90) days after December 31, 2009 to conduct an auction of the fine art, chandeliers, furniture and equipment, and otherwise vacate the premises in an orderly manner.

4

27. If this Court does not grant to the Debtors, the right to operate unimpeded through December 31, 2009 and thereafter utilize the premises for at least 90 days after December 31, 2009 to allow them to orderly vacate the premises, the Debtors will lose substantial revenues and their assets will be devalued.

28. Pursuant to Section 105 of the Bankruptcy Code, the Court may enjoin a party from proceeding with, or continuing with, a course of conduct or practice which depletes, diminishes, and/or effects property of the Debtors' estate and/or diminishes the value of the Debtors' assets.

29. The City of New York will not be irreparably harmed by the issuance of an injunction as its substantive rights will be protected and preserved and the Debtors propose to compensate the City of New York for the fair value for the use of the Central Park Location for the 906962.83 day period after December 31, 2009.

30. The Debtors submit that there is a substantial likelihood that, based on the equities herein and the lack of harm to the City and any subsequent licensee, the Debtors will succeed on the merits.

31. By virtue of the foregoing, Debtors are entitled to an injunction temporarily staying the effectiveness of the termination of the operating license between the City of New York and Tavern until 90 days after December 31, 2009.

### Count II
### (Injunctive Relief – Fed. R. Bankr. P. 7065)

32. Debtors hereby incorporate all preceding paragraphs as if fully realleged herein.

33. The Debtors' estates will be irreparably damaged if they do not have the assurance that they will be permitted to operate uninterrupted through and including December 31, 2009.

5

{NY079594;1}

34. The Debtors' estates will suffer substantial harm if the Debtors are not afforded sufficient time to vacate the premises after December 31, 2009.

35. Neither the City, nor any subsequent licensee, will be irreparably harmed by the issuance of an injunction, as its substantive rights will be protected and preserved.

36. There is no adequate remedy at law.

37. Accordingly, pursuant to Rule 7065, the Debtors should be permitted to enjoin the effectiveness of the termination of the license.

38. The harm to the Debtors outweighs the harm to the City of New York.

39. The injunctive relief requested would not violate the public interest.

40. This Court has the power pursuant to Section 105 of the Bankruptcy Code to order the City to allow the Debtors at least 90 days after December 31, 2009 to vacate the Central Park Location.

**WHEREFORE**, the Plaintiffs respectfully request that the Court temporarily enjoin the effectiveness of the termination of the license, enter an order allowing the Debtors until at least 90 days after December 31, 2009 to vacate the premises, and that the Court grant such other or further relief as it deems just and appropriate.

Dated: New York, New York
October 12, 2009

Respectfully submitted,

**AKERMAN SENTERFITT LLP**

/s/ Keith N. Costa
Keith N. Costa (KC 1213)
335 Madison Avenue, Suite 2600
New York, NY 10017
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
keith.costa@akerman.com

*Counsel to the Debtors and Debtors-in-Possession*